IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE B. BURNS, | No. CIV S-08-1254-JAM-CMK |
| Plaintiff, | |
| vs. | ORDER |
| CITY OF REDDING, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's Amended Complaint (Doc. 14).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and

1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the amended complaint pursuant to § 1915(e)(2).

Plaintiff's original complaint stems from the defendants' alleged refusal to provide him medical treatment while in custody. He also alleged a number of state law claims, which were not previously screened because the court is only exercising supplemental jurisdiction over those state law claims. The court found plaintiff's original complaint was sufficient to state a claim and authorized service thereof. Several defendants filed an answer to the complaint on October 9, 2008. On the same day, plaintiff filed his amended complaint.

Plaintiff's "amended complaint" is essentially identical as to his claims against the original defendants. It differs from the original in that it attempts to include new claims against additional individuals stemming from actions occurring after the original complaint was filed. The original complaint was filed on June 4, 2008. In the proposed amended complaint, plaintiff attempts to state a claim against two deputy district attorneys for assault arising from two separate incidents which occurred after that date. The first occurred on June 9, 2008 in which plaintiff alleges he was assaulted by deputy district attorney Cope. The second occurred on September 23, 2008, in which he alleges he was assaulted by deputy district attorney Anderson. As a result of these two alleged assaults, plaintiff has also attempted to allege conspiracy, negligent hiring and training as additional claims in this matter. He has added three new defendants as a result of these new claims.[1]

/ / /

---

[1] Plaintiff also includes Stuart Hicks as a named defendant in his "amended complaint." It appears that this individual should have been included as a named defendant in the original complaint (allegations as to Mr. Hicks were included in the original complaint as one of the officers on duty at the jail, see Doc. 1 at 5). Therefore, if plaintiff wishes to request leave of court to file an amended complaint to include this individual as a defendant, the court will consider such a request.

2

1         The Federal Rules of Civil Procedure allow a plaintiff to amend his complaint once as of right prior to being served with a responsive pleading, or upon leave of court.  See Rule 15(a).  However, an amended complaint is a complaint in which the plaintiff sets forth allegations concerning events which took place before the original pleading was filed.  In contrast, where a plaintiff sets forth allegations concerning events which took place after the original pleading was filed, the plaintiff is attempting to supplement his complaint.  See Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998).  Supplemental complaints are governed by Rule 15(d).

        Rule 15(d) provides "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings."  Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988).

        Here, plaintiff's "amended complaint" is actually a "supplemental complaint" as the new allegations are concerning events which took place after the original complaint was filed. See U.S. ex rel. Wulff v. CMA, Inc., 890 F.2d 1070, 1073 (9th Cir. 1989) (the title of the pleading is not determinative, i.e., a pleading labeled an "amended pleading" will be treated as a supplemental pleading if the new facts alleged occurred after the original complaint was filed).  Supplemental pleadings can only be filed with leave of court and upon such terms as are just. See Rule 15(d), Wagner v. Prof'l Eng'rs, 354 F.3d 1036, 1052 (9th Cir. 2004).  Plaintiff was required to file a noticed motion for leave to file a supplemental complaint.  Because plaintiff did not do so, the "amended complaint" will be stricken from the docket.  This action will proceed on the original complaint.

        Even though the amended complaint will be stricken from the docket as filed without leave of court, plaintiff is cautioned that the court would not be inclined to grant a motion to file a supplemental complaint based on the new allegations included in his "amended

complaint." The new allegations included in plaintiff's amended complaint have no relation to the allegations in his original complaint. Although new claims in a supplemental complaint do not necessarily need to arise out of the same occurrence or transaction, there must be *some* relationship "between the newly alleged matters and the subject of the original action." Keith, 858 F.2d at 474. Indeed, a supplemental pleading "cannot be used to introduce a 'separate, distinct and new cause of action.'" Planned Parenthood of So. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (quoting Berssenbrugge v. Luce Mfg. Co., 30 F. Supp. 101, 102 (D. Mo. 1939)). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." William Inglis & Sons Baking co. v. ITT Cont'l, 668 F.2d 1014, 1057(9th Cir. 1981) (citing Case-Swayne Co. v. Sunkist Growers, Inc., 369 F.2d 449, 462 (9th Cir. 1966)).

        Here, plaintiff is attempting to add separate and distinct claims which have no relation to the claims in his original complaint. His original complaint involves the defendants' alleged failure to provide him medical care while he was in custody. The new claims included in his proposed supplemental complaint involve an alleged assault by different individuals. None of the original defendants are alleged to have been involved this assault, and there is no rational relationship between claims of a later assault and claims involving the denial of medical care.[2] There is no reason for these new claims to be included in this case and including the new claims in this matter would not promote judicial economy. If plaintiff wishes to litigate any claims he may have against the individuals involved in the alleged assault, he may file a separate action.

        Accordingly, IT IS HEREBY ORDERED that:

        1.    The "amended complaint" (Doc. 14) is construed as a supplemental complaint;

---

[2] This is not a case wherein plaintiff is alleging an assault while in custody and then the denial of medical care for injuries involved in such an assault. He claims he was denied medical care while in custody, and then apparently after he was released from custody he was assaulted at two separate times by two separate individuals while appearing in state court.

        2.      As a supplemental complaint filed without leave of court, the "amended complaint" is stricken from the docket;

        3.      This case will proceed on the original complaint (Doc. 1) filed June 4, 2008, and

        4.      The Clerk of the Court is directed to terminate Anderson, Cope, Benito, and Hicks as defendants on the docket.

DATED: December 3, 2008

                                                  /s/ Craig M. Kellison<br>
                                                **CRAIG M. KELLISON**<br>
                                                UNITED STATES MAGISTRATE JUDGE